UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
*************************************************
GREGORY BRACEY,                      *
                 Plaintiff           *
                                     * CIVIL NO.
V.                                   *
                                     *
WATERBURY BOARD OF EDUCATION*
                 Defendant           * JULY 3, 2017
*************************************************
```

## COMPLAINT

FIRST COUNT:

1. This is an action for money damages to redress the deprivation by the defendant, through its agents, servants and/or employees, of the rights secured to the plaintiff by the Constitution and laws of the United States, as well as those of the State of Connecticut. Defendant, through its agents, servants and/or employees, were responsible for violating plaintiff's federal and state statutory rights, and thereby improperly deprived him the freedom and liberty afforded to all citizens of this State and Country, without any cause, justification or excuse.

2. Jurisdiction in this court is invoked under the provisions of the Judicial Code at 28 U.S.C. Sections 1331 and 1343, the Civil Rights Acts of 1964 and 1991, Title VII thereof and Article I, Section 1 and 10 of the Connecticut Constitution which confers pendent jurisdiction upon this court with respect to any cause of action under state law.

3. During all times mentioned herein, the plaintiff, Gregory Bracey ("plaintiff"), was a citizen of the United States, residing within the state of Connecticut, county of Fairfield, city of Bridgeport. The plaintiff is male, African American of race

and black of color.

4.      At all times mentioned herein, the defendant, the Waterbury Board of Education (the "defendant" or "BOE") is an organization which provides public education and related services throughout the city of Waterbury and employs well over fifty (50) persons with its principal place of business located at 236 Grand Street in the city of Waterbury.

5.      In 2015, the plaintiff was hired by the defendant as a "long-term" substitute teacher. His first long-term position was located at Woodrow Wilson School which lasted for approximately three to four months. The Principal at that time was Ms. Jennifer Rosser.

6.      Ms. Rosser displayed discriminatory attitudes toward with the African American staff at Woodrow Wilson School. She even made a comment to one of the teachers, (Ms. Parker), indicating that plaintiff was not the "right fit".

7.      After several months, Ms. Rosser abruptly dismissed the plaintiff without notification. Upon plaintiff arriving at school one morning, personnel called him and indicated he was no longer needed. Another less experienced teacher, who was Caucasian of race and white of color, had been hired at Woodrow Wilson School. Other than the plaintiff, there were no other African American male teachers in the entire building.

8.      Thereafter, plaintiff received a second substitute teaching assignment at Duggan School for its 3rd grade, as well as its computer lab; this assignment lasted for the remainder of the 2015-2016 school year.

9.      During the balance of the 2015-2016 school year, the plaintiff

3

interviewed for a vacancy which opened up at John G. Gilmartin School, but never heard back from anyone from the school.

10.     The following summer, the plaintiff was contacted by personnel about interviewing for teacher vacancies throughout the district, but although he conscientiously followed up, he again received no reply whatsoever.

11.     In October of 2016, the plaintiff was notified by the Waterbury Public Schools about a long term substitute teaching assignment at Carrington, which he accepted.

12.     The plaintiff reported to work as directed and introduced himself to the women in the office and asked to speak to the Principal. The woman replied that she was "Ms. Penna, the Principal". Ms. Penna proceeded to give the plaintiff his assignment and directed him to the classroom.

13.     Upon the completion of the school day, the plaintiff was told by Ms. Penna that he would not be needed and that personnel had "made a mistake" in assigning him to the school.

14.     Plaintiff continues to apply for positions with the defendant, most recently on or about May 28, 2017, to no avail.

15.     But for the plaintiff's gender, race and color, he would not have been treated in the discriminatory manner as aforedescribed, but rather, given his good employment record as a substitute teacher, would and should have received a permanent teaching position.

16.     The plaintiff has repeatedly noticed a pattern and practice of discrimination within the workplace, has experienced a hostile work environment and

4

disparate treatment created and/or perpetrated by the agents, servants and/or employees of the defendant.

17. On or about January 27, 2017, a Complaint Affidavit was filed with the Equal Employment Opportunities Commission, ("EEOC") alleging discrimination by the defendant due to the plaintiff's gender, which is male, his race which is African-American and his color which is black.

18. A release of jurisdiction letter was issued by the EEOC on April 5, 2017 giving plaintiff the right to commence the instant action.

19. The actions of the defendant, through its agents, servants and/or employees, as manifested by the ongoing harassment of the plaintiff, as well as the disparate treatment afforded him in relation to other employees who are female, Caucasian of race and white of color, amounted to discriminatory employment practices perpetrated against the plaintiff which constituted a hostile work environment, as well as disparate treatment, in direct violation of Title VII of the Civil Rights Act, as defendant's actions were due to plaintiff's gender, race and color.

20. The acts of the agents, servants and/or employees of the defendant were in the nature of discriminatory conduct in substantial part due to his gender, race and color, and, therefore, were in violation of 42 U.S.C. Section 2000e et seq., (hereinafter referred to as "Title VII").

## COUNT TWO:     [RETALIATION]

1-19.   Paragraphs 1 through 19 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 19 of the Second Count, as if fully set forth herein.

20.    The plaintiff has been subjected to a hostile work environment, disparate treatment and retaliation because of the fact that he was engaged in protected activity and because of this the Board of Education refused to hire him on a permanent basis.

21.    Due to his filing with the EEOC against the defendant, the defendant was notified and aware of the complaints that he had filed with this agency and knew that he had engaged in a federally protected right in challenging discriminatory actions by the defendant.

## COUNT THREE: [INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]

1-19.   Paragraphs 1 through 19 of the First Count are hereby incorporated by reference and made Paragraphs 1 through 19 of the Third Count, as if fully set forth herein.

20.    The defendant, by taking the aforedescribed adverse employment actions against the plaintiff, through its agents, servants and/or employees, intended to inflict emotional distress upon her or knew or should have known that emotional distress was the likely result of its conduct.

21.    The aforedescribed conduct by the defendant, through its agents, servants and/or employees, was extreme and outrageous and caused the plaintiff

6

severe emotional distress and trauma, sleeplessness, loss of appetite, loss of his employment, overly burdensome financial hardships, damage to his relationship with his family and friends, as well as damage to his self-esteem, sense of self-worth.

22.   The aforedescribed acts of the defendant, through its agents, servants and/or employees, constituted the intentional infliction of emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

a.  Compensatory damages in an amount this court shall consider just and fair but not less than Two Hundred Thousand Dollars ($200,000.00).

b.  Immediate assignment to a permanent position as a teacher within Waterbury Public Schools as well as any backpay and/or benefits he lost as a result of being repeatedly passed over;

c.  Attorney's fees and the reimbursement of costs of the instant action; and

d.  Such other relief as this court shall consider to be just, fair and equitable.

PLAINTIFF, GREGORY BRACEY

BY: _____
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511-6406
Tel. No. (203) 624-4666
Federal No. ct05747
His Attorneys

The plaintiff hereby requests a trial by jury.
\employ\gregory bracey\complaint